IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN CATON LEE, #242755, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:12-CV-0008-WHA |
| | ) [WO] |
| | ) |
| KENNY HARDIN, SHERIFF et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This cause of action is before the court on a 42 U.S.C. § 1983 complaint filed by John Caton Lee ["Lee"], a state inmate, on December 29, 2011.[1] In this complaint, Lee presents a myriad of claims challenging the constitutionality of actions taken against him from September 1, 2008 until December 24, 2008. Lee names Kenny Hardin, the Sheriff of Butler County, Alabama, Clint Reeves, Chief of Police for McKenzie, Alabama, and Michael Stinson and Bradley Bush, private citizens who are relatives of defendant Reeves, as defendants in this cause of action. Lee asserts Reeves continuously harassed him and

---

[1] Although the Clerk of this court stamped the complaint "received" on January 4, 2012, it is clear Lee presented the complaint to prison officials for mailing prior to this date. A review of the pleadings indicates Lee executed the complaint on December 29, 2011. *Complaint - Doc. No. 1* at 4. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant complaint] was delivered to prison authorities the day [Lee] signed it...." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, the court considers December 29, 2011 as the date of filing.

his girlfriend, a cousin of Reeves, from September 1, 2008 until his arrest on December 24, 2008. *Complaint - Doc. No. 1* at 3.[2] Lee further complains that on December 24, 2008 Stinson "held [him] at gun-point ... until Defendant Reeves arrived on the scene, out of uniform, off duty, [and] in Defendant Reeves personal vehicle. Defendant Reeves and Defendant Stinson stood over Plaintiff Lee [on the ground] still at gunpoint by Defendant Stinson ... while ... Defendant Bradley Bush ... stomped Plaintiff's head into the pavement ... causing Plaintiff open wound head injuries. Defendant Chief Reeves then unlawfully arrested 'only' Plaintiff Lee without a warrant and with fake charges.... Defendant Reeves [transported Lee to the Butler County Jail and] booked Plaintiff Lee into jail [without providing Lee] medical attention." *Id*. Lee maintains Reeves and Hardin acted in concert to deny him medical treatment prior to placing him in the jail. *Id*. Lee advises he did not receive medical treatment until later in the day when "a 'trustee' inmate ... found Plaintiff Lee laying in the floor passed out in a puddle of blood and [notified the] desk clerk [who arranged for] an ambulance" to transport Lee to a private hospital for treatment of his injuries. *Id*. Lee seeks monetary damages from the defendants for the alleged violations of his constitutional rights. *Id*. at 4.

---

[2] To the extent Lee references alleged violations of the constitutional rights of his girlfriend and other citizens of Butler County, he lacks standing to proceed on these claims. *McGowan v. Maryland,* 366 U.S. 420, 429 (1961), citing *United States v. Raines,* 362 U.S. 17, 22 (1960) ("[A] litigant may only assert his own constitutional rights or immunities."); *Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208, 218-219 (1974) (plaintiff must assert a legally cognizable injury in fact before federal courts have jurisdiction); *Saladin v. City of Milledgeville,* 812 F.2d 687, 690 (11th Cir.1987); *Harris v. McRae,* 448 U.S. 297, 320 (1981).

Upon review of the complaint, the court concludes dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) as the claims presented by the plaintiff are filed outside the relevant two-year period of limitation.[3]

## II.  DISCUSSION

Lee challenges the constitutionality of actions taken against him from September 1, 2008 through December 24, 2008.  It is clear from the face of the complaint that the claims presented by Lee are barred by the statute of limitations applicable to a 42 U.S.C. § 1983 action filed in this court.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought.  *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985).  [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years.  Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc).  Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The alleged unconstitutional actions made the basis of the instant complaint occurred from September 1, 2008 until December 24, 2008.  By it express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Lee from application of

---

[3] The court entered an order granting Lee leave to proceed *in forma pauperis* in this cause of action.  *Order of January 6, 2012 - Doc. No. 3*.  Despite Lee's payment of an initial partial filing fee, this court must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

the time bar.[4] Thus, the statute of limitations began to run on the claims presented herein, at the latest, on December 25, 2008.[5] The limitation period ran uninterrupted until it expired on December 27, 2010.[6] As previously noted, Lee filed the instant complaint on December 29, 2011. This filing occurred over a year ***after*** the applicable period of limitation expired.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id*. at n.2.

---

[4] This section allows tolling of the limitation period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a). The complaint demonstrates Lee was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

[5] In computing the period of limitation, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

[6] Because the last day of the limitation period, December 25, 2010, fell on a Saturday, the one-year period of limitation expired the following Monday - December 27, 2010. Rule 6(a)(1)(C), *Federal Rules of Civil Procedure* (The last computed day of the limitation period shall not be included "if the last day is a Saturday, Sunday, or legal holiday [and] the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of ... defendants the ... court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Lee has no legal basis on which to proceed as he filed this cause of action more than three years after the actions which form the basis of the complaint occurred. As previously determined, the statutory tolling provision is unavailing. Consequently, the two-year period of limitation expired over a year prior to Lee filing this complaint. In light of the foregoing, the court concludes Lee's claims arising from purported harassment by defendant Reeves, alleged violations of his rights during his December 24, 2008 arrest and his claim of a delay in receiving medical treatment on the aforementioned date are barred by the applicable statute of limitations and these claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. Georgia Pardons and*

*Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[7]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) as the plaintiff failed to file the complaint within the time prescribed by the applicable period of limitation.

It is further

ORDERED that on or before March 5, 2012 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

---

[7] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 17th day of February, 2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE